**In re Takacs**

Disciplinary Board Docket, no. 21 D.B. 1996.

McLAUGHLIN, *Member,* April 4, 2003—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On April 5, 2001, petitioner, John George Takacs, filed a petition for reinstatement to the bar of Pennsylvania. By order of the Supreme Court of Pennsylvania dated May 6, 1997, petitioner was suspended from the prac-

tice of law for three years retroactive to February 26, 1996.

A reinstatement hearing was held on March 13, 2002 before Hearing Committee 1.22 comprised of Chair Shelley R. Smith, Esquire, and Members Michael D. Schaff, Esquire, and Warren E. Kampf, Esquire. Petitioner was represented by Richard Kanoy Doty, Esquire. Petitioner testified on his own behalf and presented the testimony of one character witness.

The Hearing Committee filed a report on November 25, 2002, recommending that the petition for reinstatement be granted.

This matter was adjudicated by the Disciplinary Board at the meeting of January 15, 2003.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner was born in 1957 and was admitted to the practice of law in Pennsylvania in 1985. His current business address is 89 North Haddon Avenue, Haddonfield, NJ 08033.

(2) On May 6, 1997, the Supreme Court of Pennsylvania suspended petitioner for a period of three years, retroactive to February 26, 1996.

(3) Petitioner was also suspended for three years in the state of New Jersey. Petitioner was reinstated in New Jersey in 1999.

(4) The misconduct that led to petitioner's suspension arose out of his guilty plea to mail fraud.

(5) Petitioner participated in a scheme to submit false and fraudulent medical reports and bills to an insurance company.

(6) In October 1995, petitioner was sentenced to three years of probation with home detention for three months, 500 hours of community service and a fine of $7,500.

(7) On February 26, 1996, petitioner was placed on temporary suspension by the Supreme Court of Pennsylvania based on this conviction.

(8) Petitioner successfully fulfilled the terms of his sentence.

(9) During petitioner's period of suspension in Pennsylvania, he applied for reinstatement and was accepted into the bar of New Jersey in 1999, where he has since practiced law, tried cases, written briefs and handled appellate matters.

(10) Prior to 1999, petitioner performed consulting and legal research for various attorneys.

(11) Petitioner has remained current in the law by reading the *New Jersey Law Journal* and the *Legal Intelligencer.*

(12) Petitioner fulfilled his CLE credit requirements for reinstatement.

(13) Petitioner presented the testimony of Robert L. Saldutti, Esquire, who has known petitioner for approximately 10 years and has worked with petitioner on a number of legal matters.

(14) Attorney Saldutti described petitioner as a person of good character and integrity, and who possesses a very capable legal mind.

(15) Petitioner testified on his own behalf. He acknowledged his misconduct and demonstrated his remorse.

(16) If reinstated, petitioner plans to engage in a general civil practice in Pennsylvania.

## III. CONCLUSIONS OF LAW

(1) Petitioner proved that he has the moral qualifications, competency and learning in the law required to practice law in Pennsylvania.

(2) Petitioner's resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or administration of justice nor subversive of the public interest.

## IV. DISCUSSION

This matter is before the Disciplinary Board on a petition for reinstatement filed by petitioner, John George Takacs. By order of the Supreme Court of Pennsylvania dated May 6, 1997, petitioner was suspended from the practice of law for three years retroactive to February 26, 1996, the date he was placed on temporary suspension.

Pursuant to Rule 218(a), Pa.R.D.E., an attorney who is suspended for a period exceeding one year may not resume practice until reinstated by the Supreme Court of Pennsylvania. In order for petitioner to gain reinstatement, he has the burden of proving by clear and convincing evidence that he possesses the moral qualifications, competency and learning in the law required for admission to practice in this Commonwealth. In addition, petitioner has the burden of demonstrating that his resumption of the practice of law will not be detri-

mental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest. Rule 218(c)(3)(i), Pa.R.D.E.

A reinstatement proceeding is a searching inquiry into a lawyer's present professional and moral fitness to resume the practice of law. The object of concern is not solely the transgressions which gave rise to the lawyer's suspension, but rather the nature and extent of the rehabilitation efforts the lawyer has made since the time the sanction was imposed, and the degree of success achieved in the rehabilitation process. *Philadelphia News Inc. v. Disciplinary Board of the Supreme Court,* 468 Pa. 382, 363 A.2d 779 (1976).

Petitioner was convicted of mail fraud after he engaged in a scheme to submit false and fraudulent medical bills and records to an insurance company. He served three years of probation and 500 hours of community service.

Petitioner presented conclusive evidence that he has rehabilitated himself. He understands that his actions were wrong and that he deserved to be suspended. He demonstrated sincere remorse for his actions and described the suspension as a personal humiliation. Petitioner conceded that in the past his attitude towards the practice of law was too cavalier but now he knows that he would never participate in anything unethical in the future.

Petitioner has applied himself to a continuation of his learning of the law during his suspension. He was reinstated to the bar in New Jersey and has continuously practiced in that jurisdiction since 1999. He has taken the continuing legal education courses required for reinstatement.

Attorney Robert Saldutti testified to petitioner's high integrity and his excellent legal skills. Attorney Saldutti believes that petitioner would be a benefit to the bar.

The record shows that petitioner has met with clear and convincing evidence his burden of proving that he is morally qualified, competent and learned in the law. Furthermore, petitioner has demonstrated that his readmission will not be detrimental to the bar or to the public.

The board recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, John George Takacs, be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Member Sheerer did not participate in the January 15, 2003 adjudication.

## ORDER

And now, June 4, 2003, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated April 4, 2003, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.